Exhibit A

## United States Court of Appeals
## For the Federal Circuit

INTELLECTUAL TECH LLC,
*Appellant*

*v.*

ZEBRA TECHNOLOGY CORPORATION,
*Appellee*

---

2022-2207

---

**Appeal from the United States District Court for the Western District of Texas,**
Case No. 6:19-cv-00628-ADA

---

## DECLARATION OF TIMOTHY J.H. CRADDOCK IN SUPPORT OF APPELLANT'S SECOND MOTION FOR EXTENSION OF TIME TO FILE OPENING BRIEF

---

Timothy J.H. Craddock
GARY R. SORDEN
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202

COUNSEL FOR APPELLANT
INTELLECTUAL TECH LLC

# CERTIFICATE OF INTEREST

Counsel for Appellant Intellectual Tech LLC certifies the following:

1. The full name of every party or amicus represented by me is:

Intellectual Tech LLC

2. The names of the real parties in interest represented by me are:

Intellectual Tech LLC

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Intellectual Tech LLC's parent company is OnAsset Intelligence, Inc.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

COLE SCHOTZ, P.C.: Aaron Davidson, Brian L. King, James R. Perkins, Vishal Patel, Niky R. Bagley, Gary R. Sorden, Timothy J.H. Craddock.

5. Other than the originating case number(s), the title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal.

No other case is pending in this or any other court or agency that will directly affect or be directly affected by this Court's decision in the pending appeal.

6. All information required by Federal Rule of Appellate Procedure 26.1(b) and (c) that identifies organizational victims in criminal cases and debtors and trustees in bankruptcy cases.

The instant appeal is neither a criminal case nor a bankruptcy case.

I, Timothy J.H. Craddock, declare:

1.      I am a member of the law firm Cole Schotz, P.C., counsel of record for Appellant Intellectual Tech LLC ( "Intellectual Tech" or "Appellant"). I have personal knowledge of the matters set forth below and, if called to testify to them, could do so competently.

2.      Appellant is seeking a 30-day extension of time until January 13, 2023, within which to file their Opening Brief. Appellant's brief is currently due December 14, 2022. Appellant has previously received one 30-day extension.

3.      The grounds for the requested extension are as follows:

a.      I am the attorney with primary responsibility for the preparation of Appellant's opening brief. I have also enlisted the assistance of other attorneys within Cole Schotz, including Gary Sorden.

b.      On November 4, 2022, this Court issued a pair of opinions that potentially impact the issues on appeal in this case. *See Uniloc USA, Inc. v. Motorola Mobility LLC*, No. 2021-1555, 2022 WL 16704090 (Fed. Cir. Nov. 4, 2022); *Uniloc 2017 LLC v. Google LLC*, No. 2021-1498, 2022 WL 16704091 (Fed. Cir. Nov. 4, 2022). Intellectual Tech requested its initial 30-day extension to provide time to adequately review these recent decisions. Having reviewed these decisions, Intellectual Tech is inclined to dismiss the instant appeal as unnecessary. After the

District Court dismissed the underlying case on appeal without prejudice for lack of standing, Intellectual Tech filed a new case against Zebra Technologies Corporation in *Intellectual Tech LLC, et al. v. Zebra Technologies Corporation*, Case No. 6:22-cv-00788-ADA (W.D. Tex.). Zebra filed a Motion to Dismiss for lack of standing in the new case, which is fully briefed and set for hearing on January 4, 2023. Before dismissing the instant appeal, Intellectual Tech requires an order from the District Court addressing any potential collateral estoppel issues. While the District Court's ruling on the second case would not have an impact on the merits of this appeal, a ruling on the issue of collateral estoppel may mean this appeal is unnecessary as the parties can just proceed with the second case.  Thus, granting this extension to January 13, 2023, will potentially save both parties considerable time and resources if the appeal proves to be unnecessary.

4.      I have exercised, and will continue to exercise, diligence regarding this appeal and will file the Opening Brief by the requested due date.

5.      On December 7, 2022, counsel for Appellant conferred with counsel for Zebra Technologies Corporation (the "Zebra" or "Appellee") and Zebra opposes Appellant's requested extension.

6.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 7, 2022                    _/s/ Timothy J.H. Craddock_
                                                Timothy J.H. Craddock